UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br> v.<br><br>KIMBERLLY REYES,<br><br>          Defendant. | Case No. 22-cr-02185-BAS-4<br><br>**ORDER DENYING EMERGENCY MOTION FOR COMPASSIONATE RELEASE (ECF No. 264)** |

## I. BACKGROUND

Defendant Kimberlly Reyes was part of a multi-defendant conspiracy to launder drug proceeds. (*See* Presentence Report ("PSR") ¶¶ 3–26, ECF No. 172.) Bulk cash couriers, travelling throughout the United States, picked up large quantities of cash, hid it in a series of bank accounts, and then wired the money back to shell companies located in Mexico. (*Id*.) Defendant was the sole signatory on two funnel accounts opened under the name Reyes Metal Salvage LLC, a company she created for her money laundering activities. These two funnel accounts received $1.25 million in funds, which were then wired to Mexico. (*Id*.)

At the time of Defendant's sentencing, her defense counsel argued that Defendant was suffering from a severe mental disorder and presented a psychological evaluation from

Dr. Yanofsky. (ECF Nos. 224, 232.) Probation calculated Defendant's sentencing guideline range to be 70–87 months. (PSR ¶ 144.) The Court, however, sentenced Defendant to 24 months in custody. (ECF No. 235).

The Court granted Defendant's motion to continue her self-surrender date, and on July 24, 2024, Defendant self-surrendered to FPC Phoenix as ordered. (ECF Nos. 249, 257.) Two weeks later, Defendant submitted this Motion seeking immediate release. (ECF No. 264.)

In her Motion, Defendant argues that the Court ignored her "glaring [mental health] diagnosis" when sentencing her; that the psychiatrist at FPC Phoenix has only offered her medication when she believes therapy—not medication—is the appropriate course of action; and that her severe mental disorder manifested itself immediately upon her arrival at FPC Phoenix "where she barely eats enough to sustain herself . . . [and she] is despondent and not interacting with others at a level even close to normalcy." (ECF No. 264.) Defendant suggests that her husband, who is a sheriff's deputy, can supervise her release on home confinement because he is a trained correctional officer and can make sure she gets the therapy she needs for her mental health problems. (*Id.*)

**II.    PROCEDURAL HISTORY**

After Defendant filed this Motion for Emergency Compassionate Release (ECF No. 264), the Court referred the case to Federal Defenders for an evaluation. (ECF No. 269.) Federal Defenders filed a status report indicating the "Court can decide the Motion on the existing record without further assistance of counsel." (ECF No. 271.)

The Court ordered the Government to respond to the request. (ECF No. 274.) The Government missed the deadline set by the Court to file a response to the Motion, and then two days later filed a Notice of Non-Opposition to the Motion. (ECF No. 276.) Defendant submits no evidence that she sought compassionate release from the facility where she is being housed before seeking relief from the Court, nor does she provide any medical records supporting her request.

## III. ANALYSIS

### A. Failure to Exhaust Administrative Remedies

Under 18 U.S.C. § 3582(c)(1)(A), a court may, in certain circumstances, grant a defendant's motion to modify his or her term of imprisonment. A court may grant the defendant's motion for a modification in sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have lapsed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

"Requiring inmates to exhaust their administrative remedies before seeking court intervention serves several purposes. First, it protects administrative agency authority by guaranteeing agencies the 'opportunity to correct [their] own mistakes.'" *United States v. Ng Lap Seng*, 459 F. Supp. 3d 527, 532 (S.D.N.Y. 2020) (quoting *Woodford v. Ngo*, 548 U.S. 81, 89 (2006)). "Second, it promotes efficiency, since claims 'generally can be resolved much more quickly and economically in proceedings before an agency than in litigation in federal court.'" *Id.*

Section 3582 provides two alternative routes to exhaustion. In the first, a petitioner files a petition with the Warden seeking release, which is denied by the Warden and the petitioner proceeds to continue to fully exhaust his or her administrative remedies by appealing this refusal from the Warden. In the second, the Warden takes no action, 30 days lapse and, because of the Warden's failure to act, the petitioner may proceed without fully exhausting her administrative remedies.

Although Defendant argues in her Motion that she filed her "notification" to the Warden on July 26, 2024, she does not indicate what this notification stated or that it was a request for compassionate release. Since she attaches no proof of the request for compassionate release to her Motion, the Court is unable to assess whether she has exhausted her administrative remedies. However, as the Government has filed a non-

opposition to her request, the Court concludes the Government has forfeited its right to assert that she violated the exhaustion rule.

### B.  Failure to Provide Adequate Grounds for Relief

If the exhaustion requirement is met, a court may modify or reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C.] section 3553(a)" if the court finds, as relevant here, that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

"Compassionate release is 'rare' and 'extraordinary,' and courts routinely deny such claims."  *United States v. Dana*, 467 F. Supp. 3d 962, 968 (D. Or. 2020); *see also, e.g.*, *United States v. Wade*, No. 5:15-cv-00458-EJD-1, 2020 WL 3254422, at *2 (N.D. Cal. June 16, 2020) ("[C]ompassionate release is 'rare' and 'extraordinary[.]'"); *United States v. Zapien*, No. 21-cr-2513-JO, 2023 WL 8115772, at *2 (S.D. Cal. Sept. 22, 2023) (same).  As the movant, the defendant bears the burden to establish that she is eligible for compassionate release.  *United States v. Holden*, 452 F. Supp. 3d 964, 966 (D. Or. 2020).

Under the Sentencing Guidelines, "extraordinary and compelling reasons" include the medical circumstances of the defendant.  U.S.S.G. § 1B1.13 (effective Nov. 1, 2023). As is pertinent to Defendant's claims, such circumstances exist if:

> The defendant is—
> 
> > (i)  suffering from a serious physical or medical condition,
> > 
> > (ii)  suffering from a serious functional or cognitive impairment, or
> > 
> > (iii) experiencing deteriorating physical or mental health because of the aging process,
> 
> that substantially diminishes the ability of the defendant to provide selfcare within the environment of a correctional facility and from which he or she is not expected to recover.

*Id.* § 1B1.13(b)(1)(A).

Additionally, extraordinary and compelling reasons can exist if "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided or without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C). "Chronic conditions that can be managed in prison are not a sufficient basis for compassionate release." *United States v. Mata*, No. 3:15-CR-00044-JO-15, 2021 WL 851876, at *2 (D. Or. Mar. 5, 2021). In addition, unless the defendant can demonstrate that the failure to receive medical care would lead to a serious risk of deterioration in health or death, compassionate release is not justified. Compassionate release is not the appropriate vehicle to raise a concern about simple inadequate medical care without such a risk. *See United States v. Lopez-Buelna*, No. 2:09-cr-113-GMV-EJY-2, 2023 WL 2020064, at *2 (D. Nev. Feb. 15, 2023). "[T]he proper avenue for relief is the road the Supreme Court laid out in *Estelle v. Gamble*, 429 U.S. 97 (1976)." *Id.* (quotation omitted). A compassionate release motion "is not the proper vehicle to assert a medical neglect claim." *Id.* (quotation omitted).

The Court took into consideration Defendant's mental health concerns at the time of sentencing. A motion for compassionate release is not the appropriate vehicle to relitigate decisions made by the Court at the time of sentencing. Nor does Defendant provide any proof of her alleged declining mental health. She fails to show that two weeks after she self-surrendered, she was in such dire medical circumstances that release is warranted. Therefore, Defendant fails to demonstrate that extraordinary and compelling reasons support her release.

**C.   The Factors Set Out in Section 3553(a) Do Not Support Release**

In addition, the factors laid out in 18 U.S.C. § 3553(a) do not support release of Defendant. Defendant was responsible for laundering at least $1.25 million in cash for a drug trafficking organization. She disguised the nature of the funds by creating a fake salvage company under her name. The nature and circumstances of her offense do not warrant release after a mere two months in custody. In addition, the need to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for

the offense also do not warrant release. Releasing Defendant after two months will not afford adequate deterrence to criminal conduct either generally or specifically. Finally, having Defendant supervised by her sheriff's deputy husband while she is on home confinement is insufficient protection of the public.

## IV. CONCLUSION

Because Defendant fails to meet her burden to show that extraordinary and compelling reasons merit her immediate release from custody and because the factors in § 3553(a) do not support such release, Defendant's Emergency Motion for Compassionate Release (ECF No. 264) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 27, 2024**

Hon. Cynthia Bashant
United States District Judge